UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE CORLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　Respondent. | 1:09-cv—01607-SKO-HC<br><br>ORDER DIRECTING THE SUBSTITUTION OF RESPONDENT MATTHEW CATE IN PLACE OF FORMER RESPONDENT C. DICKINSON PURSUANT TO FED. R. CIV. P. 25(d)<br><br>ORDER DIRECTING RESPONDENT TO LODGE ADDITIONAL RECORDS AND TO FILE A SUPPLEMENTAL BRIEF REGARDING THE MOTION TO DISMISS (Doc. 15) NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>ORDER PERMITTING PETITIONER TO FILE A SUPPLEMENTAL RESPONSE NO LATER THAN THIRTY DAYS AFTER RESPONDENT'S SERVICE OF THE SUPPLEMENTAL BRIEF ON PETITIONER<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR THE APPOINTMENT OF COUNSEL (DOCS. 8, 6, 2) |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States

1

Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 21, 2009, and on behalf of Respondent on February 10, 2010.

## I. Substitution of Respondent Matthew Cate

In connection with a motion to dismiss the action for untimeliness filed on March 9, 2010 (doc. 15 at 1, n. 1), Respondent requested that the Court substitute Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR), as Respondent in this action. The request is unopposed.

Respondent represented that Petitioner is currently incarcerated out of state and that thus, the Secretary of the CDCR would be the appropriate respondent in this action. (Id.) Respondent requested that the substitution occur pursuant to Fed. R. Civ. P. 25(d), which provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

Title 28 U.S.C. § 2242 provides that a petition for writ of habeas corpus shall allege the name of the person who has custody over the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) provides that if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody. A failure to name the proper respondent destroys personal jurisdiction. Stanley v. California Supreme

Court, 21 F.3d 359, 360 (9th Cir. 1994).

Although petitions brought by federal prisoners must be filed in the district of confinement, petitions brought by prisoners in custody under a judgment and sentence of a state court of a state which, as California, contains two or more federal judicial districts, are subject to the terms of 28 U.S.C. § 2241(d), which expressly 1) permits a state prisoner to file a petition in either the district where the person is in custody or in the district in which the state court was held which convicted and sentenced the prisoner, and 2) vests concurrent jurisdiction in both courts. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (state prisoner may bring petition in the federal district where he is confined or in the federal district where the sentencing court is located); see, Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-95 (9th Cir. 1996).

Here, the petition, in which Petitioner challenges convictions suffered in Stanislaus County, was transferred to this district, in which the state court was located that convicted and sentenced Petitioner. Thus, the Court obtained personal jurisdiction over the Respondent.

The proper respondent to a habeas petition is the person who has custody over the petitioner. 28 U.S.C. §§ 2242, 2243. The statutes contemplate a proceeding against a person who has the immediate custody of the prisoner and the power to produce the body of the prisoner. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). The Habeas Rules do not expressly specify the warden of the petitioner's custodial institution as the proper respondent; however, the Advisory Committee Note to Habeas Rule 2 indicates

that the warden and the chief officer in charge of the state penal institutions are appropriately considered as the state officer having custody. It has been held that naming the California Director of Corrections in place of the warden of the institution where a petitioner is housed does not deprive the court of personal jurisdiction over the respondent where the petitioner is a state prisoner bringing a challenge to a conviction sustained within the jurisdiction of the California CDC. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-95 (9th Cir. 1996). Whether a state official has custody of a prisoner and has the power to produce a prisoner depends in part upon the state law governing the penal system of the state in question. Id. at 895. In Ortiz-Sandoval v. Gomez, the court found significant the fact that both the warden of a California prison and California's Director of Corrections had the power to produce the prisoner, both might receive service of process, and the laws of the state put the custody of the prisoner in the director. The court concluded that under those circumstances, in cases where a prisoner has been transferred or where his immediate custodian has otherwise been put in doubt, the Director of Corrections serves as an effective respondent and eliminates procedural roadblocks to resolution on the merits. Id. at 896.

As of July 1, 2005, Cal. Pen. Code § 5050 abolished the office of the Director of Corrections and provided that any reference to the Director of Corrections in any code refers to the Secretary of the CDCR.

The Court therefore concludes that Matthew Cate, Secretary of the CDCR, is an appropriate respondent in this action, and

4

that pursuant to Fed. R. Civ. P. 25(d), he should be substituted in place of C. Dickinson.

### II. Supplemental Input regarding the Pending Motion to Dismiss

On May 9, 2010, Respondent filed a motion to dismiss this action for untimeliness. The Court has reviewed the papers submitted in support of the motion and notes that lodged document number 8, an order of the Stanislaus County Superior Court dated January 3, 2007, refers to the Stanislaus court's having denied a previous writ on November 15, 2006, and expressly refers to the previous decision of that date. The Court has reviewed the remaining papers lodged in support of the motion and cannot locate the previous petition for writ or any decision of the Stanislaus County Superior Court with respect to that petition.

It appears that in order for the Court fully to consider the issues pertinent to the motion to dismiss, the earlier petition and the ruling on the petition must be lodged with this Court.

Further, both Respondent and Petitioner will be given an opportunity to file additional briefing concerning the significance of the missing proceedings and the precise effect, if any, on the computation of the running of the statute of limitations.

### III. Petitioner's Motion to Reconsider His Motion to Appoint Counsel

On July 9, 2009, Petitioner filed a motion for the appointment of counsel (doc. 2) on the grounds that he was unable to afford to employ counsel, he was unschooled in the law and unable to comply with unspecified processes and rules of the Court, and he wanted to avoid dismissal of his petition for

5

technical defects. On September 15, 2009, the Court denied Petitioner's motion on the grounds that the interests of justice did not merit appointment based on Petitioner's lack of legal training (doc. 6).

On September 28, 2009, Petitioner filed a motion for reconsideration of his motion for counsel (doc. 8). He argued that he should be given counsel because he had raised multiple issues in the petition concerning the alleged ineffectiveness of his trial counsel in connection with not only the proceedings leading up to Petitioner's guilty pleas but also the sentence imposed. (Doc. 8 at 1, 4, 7.)

### A. Standards for Appointment of Counsel

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases. A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

### B. Relief pursuant to Fed. R. Civ. P. 59(e)

Motions for reconsideration may be considered pursuant to the standards of Fed. R. Civ. P. 59(e) or 60(b). United States

6

v. Westlands Water Dist., 134 F.Supp.2d 1111, 1130 (E.D. Cal. 2001).

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. Acands, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986). A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed no later than twenty-eight (28) days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Here, there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law. The denial of Petitioner's motion was not clearly erroneous; Petitioner's alleged denial of a right to counsel at a point in criminal proceedings when he had a constitutional right to counsel does not bear upon the likelihood of his success in this proceeding, in which it has not yet been determined whether an evidentiary hearing will take place. There is no showing that the interests of justice require the appointment of counsel.

B. Relief pursuant to Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule

1  permits a district court to relieve a party from a final order or
2  judgment on grounds including but not limited to 1) mistake,
3  inadvertence, surprise, or excusable neglect; 2) newly discovered
4  evidence; 3) fraud, misrepresentation, or misconduct by an
5  opposing party; or 4) any other reason justifying relief from the
6  operation of the judgment.  Fed. R. Civ. P. 60(b). The motion for
7  reconsideration must be made within a reasonable time, and in
8  some instances, within one year after entry of the order.  Fed.
9  R. Civ. P. 60(c).

10      Rule 60(b) generally applies to habeas corpus proceedings.
11 See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005).  Although
12 the Court has discretion to reconsider and vacate a prior order,
13 Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for
14 reconsideration are disfavored.  A party seeking reconsideration
15 must show more than a disagreement with the Court's decision and
16 offer more than a restatement of the cases and arguments
17 considered by the Court before rendering the original decision.
18 United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131
19 (E.D. Cal. 2001).  Motions to reconsider pursuant to Rule
20 60(b)(1) are committed to the discretion of the trial court,
21 Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can
22 reconsider interlocutory orders and redetermine applications
23 because of an intervening change in controlling law, the
24 availability of new evidence or an expanded factual record, or
25 the need to correct a clear error or prevent manifest injustice.
26 Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656,
27 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other
28 grounds, 828 F.2d 514 (9th Cir. 1987).

1    Local Rule 230(j) provides that whenever any motion has been
2 granted or denied in whole or in part, and a subsequent motion
3 for reconsideration is made upon the same or any alleged
4 different set of facts, counsel shall present to the Judge or
5 Magistrate Judge to whom such subsequent motion is made an
6 affidavit or brief, as appropriate, setting forth the material
7 facts and circumstances surrounding each motion for which
8 reconsideration is sought, including information concerning the
9 previous judge and decision, what new or different facts or
10 circumstances are claimed to exist which did not exist or were
11 not shown upon such prior motion, what other grounds exist for
12 the motion, and why the facts or circumstances were not shown at
13 the time of the prior motion.
14    Here, Petitioner has not shown any facts or law that reflect
15 any abuse of discretion, clear error, or manifest injustice.
16    The Court therefore will deny Petitioner's motion for
17 reconsideration.
18    IV. <u>Disposition</u>
19    Accordingly, it is ORDERED that:
20    1) The request of Respondent C. Dickinson to substitute
21 Matthew Cate, Secretary of the California Department of
22 Corrections and Rehabilitation, is GRANTED, and Matthew Cate,
23 Secretary of the California Department of Corrections and
24 Rehabilitation, is SUBSTITUTED as Respondent in this action;
25    2) Respondent is DIRECTED to lodge no later than thirty (30)
26 days after the date of service of this order the decision of the
27 Stanislaus County Superior Court dated November 15, 2006, on
28 Petitioner's petition for writ previously filed in that court,

9

and the petition addressed by the decision of November 15, 2006;

3) Respondent is DIRECTED to file no later than thirty (30) days after the date of service of this order a supplemental brief concerning the legal effect of the proceedings relating to the Stanislaus County Superior Court's decision of November 15, 2006, on the issues raised in the motion to dismiss, including but not limited to the computation of the running of the statute of limitations;

4) Petitioner may FILE a supplemental response no later than thirty (30) days after the date of Respondent's service of the supplemental filings on Petitioner; and

5) Petitioner's motion for reconsideration of Petitioner's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   May 11, 2010**              /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE