# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE CORLEY, | ) 1:09-cv—01607-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR THE APPOINTMENT OF COUNSEL |
| | ) (DOC. 28) |
| v. | ) |
| | ) ORDER GRANTING RESPONDENT'S |
| MATTHEW CATE, Secretary of | ) MOTION TO DISMISS THE PETITION AS |
| the California Department of | ) UNTIMELY (DOC. 15) |
| Corrections and | ) |
| Rehabilitation, | ) ORDER DIRECTING THE CLERK TO |
| | ) ENTER JUDGMENT IN FAVOR OF |
| Respondent. | ) RESPONDENT |
| | ) |
| _____ | ) ORDER DECLINING TO ISSUE A |
| | CERTIFICATE OF APPEALABILITY |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 21, 2009, and on behalf of Respondent on February 10, 2010.

Pending before the Court is Respondent's motion to dismiss

1

the petition for untimeliness, which was filed on March 9, 2010, along with lodged documents. Petitioner filed an opposition with numerous exhibits on March 26, 2010. Respondent filed a reply on May 5, 2010. Thereafter, in response to the Court's direction, Respondent filed a supplemental brief and additional documentation of the state court proceedings on July 12, 2010; Petitioner filed a response and a request for appointment of counsel on July 22, 2010.

I. <u>Motion for Appointment of Counsel</u>

In the forty-five-page supplemental response filed on July 22, 2010, Petitioner requests that counsel be appointed in order for him to be fairly represented in this Court. (Doc. 28, 2.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir.), <u>cert. denied</u>, 358 U.S. 889 (1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir.), <u>cert. denied</u>, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases (Habeas Rules). A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims <u>pro</u> <u>se</u> in light of the complexity of the legal issues involved. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Respondent has not filed a response to the petition concerning the merits of the case, but it does not appear that an evidentiary hearing is necessary. The issues

2

raised in the motion to dismiss have been the subject of extensive briefing and documentation.  At this stage of the case, it does not appear that the interests of justice require the appointment of counsel.

Accordingly, Petitioner's motion for the appointment of counsel will be denied.

II. <u>Motion to Dismiss for Untimeliness</u>

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for in 28 U.S.C. § 2244(d).

Habeas Rule 4 allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss addresses the filing of a petition outside of the one-year limitation period of 28 U.S.C. 2244(d)(1).  The material facts pertinent to the motion are mainly to be found in copies of the official records of state judicial proceedings which have been provided by Respondent and Petitioner, and as to which there is no factual dispute.  Because Respondent has not filed a formal answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

III. <u>The Limitations Period</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).  Petitioner filed his petition for writ of habeas corpus on June 24, 2009.  Thus, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  It further identifies the pendency of some proceedings for collateral review as a basis for tolling the running of the period.  As amended, subdivision (d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

IV. <u>Commencement of the Running of the Statutory Period</u>

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final.

The parties disagree on the date of the finality of the judgment and, specifically, the date on which direct review was concluded, or the point at which the time for seeking direct review expired within the meaning of § 2244(d)(1)(A). Respondent contends that the statute began to run on the date the time for seeking direct review expired, namely, sixty days after sentencing pursuant to state law[1] that sets forth the time limit,

---

[1] Cal. Rules of Court, Rule 8.308 provides in part that except as otherwise provided by law, a notice of appeal and any statement required by Cal. Pen. Code § 1237.5 must be filed within sixty (60) days after the rendition of the judgment or the making of the order being appealed. Except as provided in rule 8.66 (emergencies), no court may extend the time to file a notice of appeal.

or on January 16, 2006.  Petitioner asserts that he filed in the Superior Court a "Notice of Appeal/Certificate of Probable Cause" on December 22, 2005 pursuant to Cal. Pen. Code § 1237.5 and thus filed a timely appeal from the judgment of November 17, 2005; therefore, direct review did not conclude, or if it did, he was denied his right to appeal.

A.  Factual Summary

An abstract of judgment of the Superior Court of the County of Stanislaus in cases numbered 1086806 and 1099101 that was filed on November 17, 2005, reflects that upon his plea of guilty, Petitioner was convicted of selling in 2004 a controlled substance in violation of Cal. Health & Saf. Code § 11352(a), and possessing in 2005 marijuana in jail in violation of Cal. Pen. Code § 4573.6.  (LD 1, Petr's Opp., Ex. 1.)[2]  On November 17, 2005, Petitioner was sentenced to a determinate term of thirteen years in prison. (Id.)

Petitioner has submitted a copy of a Superior Court form for a notice of appeal and request for certificate of probable cause that bears the case number pertaining to the charge of sale of a controlled substance, Petitioner's signature, and a date of December 22, 2005.  (Petr.'s Opp., Ex. 3, Doc. 16, 11-20.)  In the request for certificate of probable cause, Petitioner stated that the legality of his plea was affected by his public defender's failure to move to suppress unspecified evidence, move

_____

[2] References to the documentation lodged by Respondent in support of the motion will be to "LD" (lodged documents) and to the numbers assigned in Respondent's notice of lodging documents received on April 7, 2010. References to the exhibits submitted by Petitioner in support of, and as part of, his opposition to the motion will be to the exhibits by the numbers assigned by Petitioner.

to dismiss the case, and seek reduced bail, requests which the
state court had denied when Petitioner himself requested them.
Petitioner criticized the evidence of the drug transaction (a
videotaped transfer of funds to Petitioner which Petitioner says
does not disclose a drug transaction) and the potential use of
prior robbery convictions or "strikes" to enhance his sentence.
A copy of a memo dated January 4, 2006, to an unspecified
recipient, states that Petitioner was sending a copy of his
appeal that he had already sent on December 22, 2005, and was
notifying the Superior Court that he had been moved to Vacaville.
(Petr.'s Ex. II, Doc. 16, 11-20.)

     A copy of a minute order and an appellate department
memorandum of the Stanislaus County Superior Court (SCSC) dated
January 10, 2006, reflects that the request for probable cause
was denied.  (Petr.'s Exh. 2, Doc. 16, pp. 22-23.)  A deputy
clerk of the SCSC wrote Petitioner on January 12, 2006, informing
him that his notice of appeal was "inoperative pursuant to CRC
Rule 30(b)(1) as your Request for Certificate of Probable Cause
was denied."  The deputy returned the notice to Petitioner marked
as inoperable.  (LD 3.)

     On January 3, 2006, Petitioner moved in the SCSC for an
order directing his public defender at the trial level to furnish
his trial files to Petitioner because despite attempts by
Petitioner and his wife to contact counsel by telephone or to
obtain the case files during a few attorney visits, Petitioner
did not obtain the files; Petitioner sought to present a direct
or collateral challenge to his conviction and sentence.  (Doc.
28, 24-27.)  Petitioner simultaneously moved for production of a

transcript of the proceedings in order to prepare a petition for writ of habeas corpus. (Id. at 29-34.) The motions were denied by an undated order. (Id. at 35.)

A docket (register of actions) of the Court of Appeal of the State of California, Fifth Appellate District (DCA) lodged by Respondent (LD 2) reflects that a notice of appeal was lodged or received by the DCA on February 22, 2006, along with a motion to withdraw a guilty plea and notice of motion to appeal. A ruling of February 22, 2006 is described as "Ruling on motion," and the notes state, "To withdraw guilty plea & motion to appeal - timeless." No order of that date is submitted. However, an order of the DCA filed on February 24, 2006, set a deadline for briefing the issue of the timeliness of the filing of the notice of appeal. (LD 2.) In that order, it is stated that although the abstract of judgment was filed on November 17, 2005, "... the notice of appeal was filed on February 16, 2006...." (Id.) In the order, the DCA requested briefing on whether or not the notice of appeal was timely filed and, if the answer to the first question was negative, then whether the appeal should be dismissed as untimely. (Id.) In the same order, citing People v. Everett, 186 Cal.App.3d 274, 279 (1986), the DCA denied Petitioner's request for the DCA to issue a certificate of probable cause "without prejudice to petitioner filing a petition for writ of mandate challenging the superior court's denial of the request filed in that court." (Id.)

When no response to the briefing order was received by the DCA, it ordered the appeal dismissed by order filed on March 20, 2006, and docketed on March 21, 2006. (Id.)

By order filed on April 19, 2006, the DCA issued the following order concerning subsequently filed motions:

> The appeal in the above-entitled action was dismissed on March 20, 2006, due to appellant's failure to [sic] timely respond to this court's order of February 24, 2006. <u>In the three motions filed in this court on April 5, 2006, appellant has failed to show the notice of appeal was timely filed.</u>
>
> The "Motion To Proceed On Appeal," filed on April 5, 2006, is denied.
>
> The "Motion for Request [For] An Order Extending Time..." filed on April 5, 2006, is denied.
>
> The "Motion To Furnish Appellant With The State Record...," filed on April 5, 2006, is denied.
>
> <u>The above motions are denied without prejudice to appellant filing a petition for writ of habeas corpus in this court in which the relief sought is permission to file a belated notice of appeal. This court expresses no opinion on whether relief will be granted in the event a petition is filed</u>. (Emphasis added.)

(LD 2.)  The docket indicates that on May 22, 2006, the remittitur issued.

In March 2007, an entry reflects that a letter was sent to Petitioner in response to an inquiry from Petitioner in connection with a request for counsel and for rules.  The letter referred to the previous dismissal of his appeal and denial of his motions, and it was suggested that Petitioner's remaining remedy might be a petition for writ of habeas corpus seeking to file a belated appeal.  (LD 2.)

B. <u>Analysis</u>

The Superior Court declined to issue a certificate of probable cause in early January.  Although Petitioner argues that he had begun appellate proceedings in a proper fashion, Cal. Pen. Code § 1237.5 prohibits a defendant's taking an appeal from a

9

judgment of conviction upon a plea of guilty except where 1) the defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings, and 2) the trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.  Even if the initial filing of a notice of appeal in the Superior Court occurred within the sixty-day period for filing a notice of appeal, the trial court declined to issue a certificate of probable cause for Petitioner's appeal from his guilty plea and returned his notice of appeal marked as "inoperative."  A few days later, the time for filing a notice of appeal expired.

Petitioner has not demonstrated that he sought relief from the Superior Court's denial of a certificate of probable cause or heeded the very specific suggestion of the DCA to seek a writ of mandate directing the Superior Court to issue a certificate of probable cause.

It thus does not appear that Petitioner has shown that he timely filed an operative notice of appeal from the judgment of conviction.

With respect to the out-of-time notice of appeal filed in the DCA in February 2006, the DCA expressly considered whether the notice of appeal was timely and concluded that Petitioner had not shown that it was timely.

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner.  Burton v. Stewart, 549 U.S.147, 156-57 (2007).  Petitioner failed to obtain a certificate of probable

cause to proceed with an appeal from the judgment in the Superior Court, suffered a dismissal of the appeal in the DCA after failing to respond to the Court's orders, and ultimately received an express ruling from the DCA that his appeal was not shown to have been timely.

In Randle v. Crawford, 578 F.3d 1177 (9th Cir. 2009), the petitioner failed to file a timely notice of direct appeal but argued that the running of § 2244(d) was tolled by the pendency of an untimely appeal until the appeal was dismissed by the state court as untimely.  The court in Randle concluded that a state court's dismissal of an untimely appeal does not constitute the conclusion of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A).  The court noted that if the commencement of the one-year limitations period was contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file a notice until after the normal expiration date.  Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions.  Randle, 578 F.3d at 1183.

Because in the instant case Petitioner's appeal was determined not to have been timely, the judgment of November 17, 2005, became final at the expiration of the time for seeking direct review, or on January 16, 2006, sixty days after the date of the judgment.  The one-year limitations period began to run on the following day, January 17, 2006.

///

///

V. <u>Statutory Tolling for Petitioner's State Post-Conviction
Petitions for Collateral Relief</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during
which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward" the one-year
limitation period.  28 U.S.C. § 2244(d)(2).  Once a petitioner is
on notice that his habeas petition may be subject to dismissal
based on the statute of limitations, he has the burden of
demonstrating that the limitations period was sufficiently tolled
by providing the pertinent facts, such as dates of filing and
denial.  However, the state must affirmatively argue that the
petitioner failed to meet his burden of alleging the tolling
facts; simply noting the absence of such facts is not sufficient.
<u>Smith v. Duncan</u>, 297 F.3d 809, 814-15 (9th Cir. 2002).

A.   <u>Facts</u>

It is undisputed that Petitioner filed, and received rulings
with respect to, numerous post-conviction petitions in the state
courts and in this Court.

A first petition for habeas corpus was filed in the DCA on
July 12, 2006 (no. F050826), in which Petitioner sought a late
appeal.  (LD 3.)  On October 5, 2006, the petition was denied
without prejudice to Petitioner's raising the issue of
ineffective assistance of counsel, including but not limited to
representation at sentencing and failure to file a motion to
suppress, in a petition for writ of habeas corpus filed first in
the Superior Court.  (LD 4.)

Before the first petition was denied by the DCA, Petitioner

filed on August 2, 2006, a second petition (no. F050971) in the
DCA in which he sought a late appeal. (LD 5.)  On October 5,
2006, the same day on which the first petition was denied, the
second petition was denied as moot.  (LD 6.)

On October 24, 2006, Petitioner filed a third state
petition, but this time the petition was filed in the SCSC (no.
1086806, stamped filed on November 6, 2006). (Supp. LD 34.)
Petitioner requested allowance of a late notice of appeal to
raise issues including, but not limited to, ineffective
assistance of counsel at sentencing, failure to file a motion to
suppress, and failure to perform his promise to file an appeal.
(LD 34.)  On November 15, 2006, the SCSC denied the petition,
determining that the Superior Court no longer had jurisdiction
over the issue of a late appeal, Petitioner's counsel was not
ineffective because there was no basis for any motion to
suppress, and Petitioner's counsel was not ineffective at
sentencing because Petitioner had faced a sentence of twenty-
eight (28) years to life but received only thirteen (13) years.
(LD 35.)

On November 15, 2006, the same date the third petition was
denied by the SCSC, Petitioner filed a fourth state petition for
writ of habeas corpus in the SCSC (no. 1086806, stamped filed on
November 29, 2006), challenging the trial court's rulings at the
preliminary hearing and on discovery issues, the validity of
Petitioner's plea, and the conduct of the prosecutor and
Petitioner's counsel.  (LD 7.)  The petition was denied on
January 3, 2007.  (LD 8.)

Although Petitioner purported to file in the DCA an appeal

13

of the SCSC's denial of his fourth petition (no. F052146,

docketed as filed on February 1, 2007), it was dismissed by order

dated April 12, 2007, because under California law, the denial of

a petition for a writ of habeas corpus was not an appealable

order.  Petitioner was instructed to file a new petition for writ

of habeas corpus in the appellate court raising the same issues

as those first raised in the Superior Court. (LD 9.)

Petitioner's fifth state petition was filed in the DCA on

April 24, 2007 (no. F052772, stamped filed on May 2, 2007).  In

the petition, Petitioner raised the issues that had been raised

before the SCSC that had been denied in January 2007.  (LD 10.)

The petition was denied without any statement of reasons or

citation to any authority on May 17, 2007.  (LD 11.)

Petitioner's sixth state petition was filed in the

California Supreme Court on June 13, 2007 (no. S153676, stamped

filed on June 21, 2007).  (LD 12.)   Petitioner raised the issues

raised and denied in the DCA.  The petition was denied on

December 19, 2007, with citation of In re Swain, 34 Cal.2d 300,

304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995).  (LD

13.)

Petitioner filed a seventh state petition on August 21,

2007, in the SCSC (no. 1086807, stamped filed on August 27,

2007), in which he raised sentencing error concerning the choice

of term and use of prior convictions, including error pursuant to

Cunningham v. California, 549 U.S. 270 (2007).  (LD 14.)   The

petition was denied by order dated September 7, 2007.  (LD 15.)

On September 29, 2007, Petitioner filed an eighth state

petition (no. F053873, stamped filed on October 4, 2007), seeking

14

in the DCA relief with respect to the sentencing errors and Cunningham issues previously raised in the SCSC.  (LD 16.)   The petition was denied by the DCA on October 18, 2007, without any statement of reasons or citation to authority.  (LD 17.)

Petitioner filed a ninth state petition in the DCA on April 1, 2009 (no. F057342, stamped filed on April 10, 2009), in which he challenged the denial of his right to counsel with respect to issuance of a certificate of probable cause for the appeal from the trial court's judgment.  (LD 18.)   The petition was denied without any statement of reasons on April 23, 2009.

Petitioner filed a tenth petition for writ of habeas corpus in the California Supreme Court on June 21, 2009 (no. S174166, stamped filed on June 25, 2009), in which he raised all his claims concerning the pre-plea, plea, and sentencing proceedings, and sought reinstatement of his direct appeal.  (LD 20.)   The petition was denied on November 10, 2009, without notations.   (LD 21.)

Petitioner also filed three petitions for habeas relief in this Court, which were denied.

A petition in Corley v. Smith, 1:07-cv-01540-YNP, was filed on September 29, 2007 (stamped filed on October 3, 2007), and was dismissed for failure to state a claim upon which relief could be granted on June 10, 2008.  (LD 22-25.)

A petition in Corley v. Knowles, 1:08-cv-00266-TAG, was filed on January 6, 2008 (stamped filed on February 7, 2008), and was dismissed on February 26, 2009, for failure to exhaust state court remedies.  (LD 26-29.)

1    A petition in Corley v. Knowles 1:08-cv-00544-YNP was filed

2 on February 23, 2008 (stamped filed on April 7, 2008), and was

3 dismissed for failure to exhaust state court remedies on January

4 13, 2009.  (LD 30-33.)

5         B.  Analysis

6    As previously discussed, the statutory period began running

7 on January 17, 2006.

8    Petitioner filed[3] his first state petition on July 12, 2006.

9 A total of 176 days of the limitation period passed before

10 Petitioner filed his first petition.

11   Pursuant to § 2244(d)(2), the time during which a properly

12 filed application for state post-conviction or other collateral

13 review is pending shall not be counted toward the one-year

14 limitation period.  28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo,

15 544 U.S. 408, 410 (2005).  Thus, Respondent correctly contends

16 that Petitioner is entitled to tolling pursuant to § 2244(d)(2)

17 for the time during which Petitioner's properly filed first

18 petition was pending, namely, from July 12, 2006, through October

19 5, 2006, the date on which it was denied.

20   With respect to Petitioner's second state petition, the

21 Court notes that the second petition was filed in August 2006

22 while the first state petition was pending, and the second

23 petition was denied on October 5, 2006, the same date on which

24 the first state petition was denied.  Thus, the pendency of the

25

26         [3] The Court affords petitioner application of the mailbox rule as to all
his habeas filings in state and federal courts.  Houston v. Lack, 487 U.S.
27 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner
delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201
28 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas
petition to prison officials for the Court within limitations period).

1 second state petition did not affect the tolling of the statute,

2 which was already occurring by virtue of the pendency of the

3 first state petition.

4    Petitioner's first and second petitions were filed in the

5 DCA.  Petitioner's third state petition was filed on October 24,

6 2006, in the SCSC.  Petitioner might seek to establish continuous

7 tolling between the denials of the first and second state

8 petitions on October 5, 2006, and the filing of the third state

9 petition in the SCSC.  However, reference to the pertinent legal

10 principles forecloses such an application of § 2244(d).

11    In Carey v. Saffold, 536 U.S. 214 (2002), the Court held

12 that an application is "pending" until it "has achieved final

13 resolution through the State's post-conviction procedures."  536

14 U.S. 220.  An application does not achieve the requisite finality

15 until a state petitioner "completes a full round of collateral

16 review."  Id. at 219-20.  Accordingly, in the absence of undue

17 delay, an application for post conviction relief is pending

18 during the "intervals between a lower court decision and a filing

19 of a new petition in a higher court" and until the California

20 Supreme Court denies review.  Id. at 223; Biggs v. Duncan, 339

21 F.3d 1045, 1048 (9th Cir. 2003).

22    However, when one full round up the ladder of the state

23 court system is complete and the claims in question are

24 exhausted, a new application in a lower court begins a new round

25 of collateral review.  Biggs v. Duncan, 339 F.3d at 1048.  For

26 example, the statute of limitations is not tolled from the time a

27 final decision is issued on direct state appeal and the time the

28

1   first state collateral challenge is filed because there is no

2   case "pending" during that interval.  <u>Nino v. Galaza</u>, 183 F.3d

3   1003, 1006 (9th Cir. 1999).

4        Here, when Petitioner filed the third state petition in the

5   state trial court, Petitioner began a new round of collateral

6   review.  Thus, the Court concludes that during the period of

7   eighteen (18) days between the DCA's denials of the first and

8   second state petitions on October 6, 2006, and Petitioner's

9   filing of a third state petition in the SCSC on October 24, 2006,

10  the running of the statute of limitations was not tolled.

11       It is not contended that the third state petition was

12  improperly filed.  Thus, once the third state petition was filed

13  in the SCSC on October 24, 2006, the running of the statute was

14  tolled until the denial of that petition on November 15, 2006.

15       Respondent does not contend that the fourth state petition

16  filed on November 15, 2006, was not properly filed, although

17  Respondent states that the petition is successive; Respondent

18  assumes "for the sake of argument that Petitioner receives

19  statutory tolling for his fourth petition" (Supp. Brf., doc. 26,

20  8), which was pending until January 3, 2007.

21       The Court notes that although the SCSC denied the fourth

22  petition, the SCSC did not decline to consider the petition

23  because it was successive.  Instead, the court considered

24  numerous issues on the merits, and it denied the petition with

25  respect to some of the other issues because the issues had been

26  raised previously and had been addressed by the court.  (LD 8.)

27  It does not appear that the SCSC considered the petition to be

28

successive.  Therefore, the Court will accept the Respondent's
assumption that the pendency of the fourth state petition from
November 15, 2006, through January 3, 2007, tolled the running of
the statute.

With respect to tolling of the time period between the
denial of his fourth state petition on January 3, 2007, and the
filing of his fifth state petition on April 24, 2007, the Court
notes that the time interval was 110 days.

An application for collateral review is "pending" in state
court "as long as the ordinary state collateral review process is
'in continuance'-i.e., 'until the completion of' that process."
Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  In California,
this means that the statute of limitations is tolled from the
time the first state habeas petition is filed until the
California Supreme Court rejects the petitioner's final
collateral challenge, as long as the petitioner did not
"unreasonably delay" in seeking review.   Id. at 221-23; accord,
Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Thus, the Court must determine whether a petitioner "delayed
'unreasonably' in seeking [higher state court] review."  Carey,
536 U.S. at 225.  If a petition is deemed unreasonably delayed,
the application would no longer have been "pending" during the
period at issue.  Id.  If the state court does not clearly rule
on a petitioner's delay, as is the case here where the fifth
petition was denied without any statement of reasoning or
authority, the federal court must evaluate all "relevant
circumstances" and independently determine whether the delay was

1  "unreasonable."  Id. at 226.

2      A delay of six months has been found to be unreasonable
3  because it is longer than the relatively short periods of thirty
4  (30) or sixty (60) days provided by most states for filing
5  appeals.  Evans v. Chavis, 546 U.S. 189, 201 (2006).  Delays of
6  one hundred fifteen (115) and one hundred one (101) days between
7  denial of one petition and the filing of a subsequent petition
8  have been held to be excessive, Chaffer v. Prosper, 592 F.3d.
9  1046, 1048 (9th Cir. 2010).  Unexplained, unjustified periods of
10  ninety-seven (97) and seventy-one (71) days have been found to be
11  unreasonable, Culver v. Director of Corrections, 450 F.Supp.2d
12  1135, 1140 (C.D.Cal. 2006).

13      The Court therefore concludes that the unexplained delay of
14  110 days before the filing of the fifth petition on April 24,
15  2007, was unreasonable, and the running of the statute was not
16  tolled between denial of the fourth state petition and the filing
17  of the fifth state petition.

18      Petitioner's attempt to appeal the SCSC's denial of the
19  fourth state petition does not serve to toll the running of the
20  limitations period because it was not properly filed.  An
21  application is "properly filed" within the meaning of § 2244(d)
22  when its delivery and acceptance are in compliance with the
23  applicable laws and rules governing filings, including time
24  limits upon its delivery.  Artuz v. Bennett, 531 U.S. 4, 8, 11
25  (2000).  The DCA dismissed Petitioner's purported appeal because
26  it was taken from a nonappealable order.  Thus, the state court
27  determined that Petitioner's ineffective appeal was not properly

28

filed.

Respondent does not challenge the propriety of Petitioner's filing of the fifth and sixth state petitions in the DCA and California Supreme Court, respectively.  The fifth state petition was signed by Petitioner on April 24, 2007, and it remained pending until it was denied on May 17, 2007.  The sixth state petition was signed on June 13, 2007, and it was denied on December 19, 2007.  In view of the reasonable time interval between the denial of the fifth in mid-May and the filing of the sixth in mid-June, Petitioner is entitled to statutory tolling based on the pendency of the fifth and sixth petitions from April 24, 2007, through December 19, 2007.

Pursuant to Cal. Rules of Court, Rule Rule 8.532(b)(2)(C), the decision of the California Supreme Court denying the petition for writ of habeas corpus on December 19, 2007, was final immediately upon filing.  Thus, tolling ceased on December 20, 2007, the first day following the denial of the petition for writ of habeas corpus.

Further, the fourth through sixth petitions constituted one round of review; after the denial of the sixth petition by the California Supreme Court on December 19, 2007, no petition was then pending.  The time between the completion of a first round and the beginning of a second round is not tolled.  <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 820 (9th Cir. 2003).

The periods during which the seventh and eighth petitions were pending (August 21, 2007 through September 7, 2007, in the SCSC, and September 29, 2007 through October 18, 2007, in the

DCA, respectively) occurred within the period of time within
which the fifth and sixth petitions were pending.  Thus, the
pendency of the seventh and eighth state petitions had no
additional effect on the running of the statute, which was tolled
until the denial of the sixth petition on December 19, 2007.

In summary, three hundred and four (304) days of the one-
year period ran as follows: 176 days from January 17, 2006,
through July 11, 2006, when the first petition was filed;
eighteen (18) days between October 6, 2006 and October 23, 2006,
after which the third petition was filed; and 110 days between
the denial of the fourth petition on January 3, 2007, and the
filing of the fifth petition on April 24, 2007.  Thereafter, upon
the denial by the California Supreme Court of the sixth petition
on December 19, 2007, the statutory period began to run again,
with the year-long limitations period concluding sixty-one days
later on February 18, 2008.

Petitioner's ninth petition was not filed in the DCA until
April 1, 2009.  Thus, the one-year limitations period had passed
before Petitioner's ninth petition was filed.

Although Petitioner filed three previous habeas petitions
here, the pendency of a petition in a federal court does not toll
the running of the statute under 28 U.S.C. § 2244(d)(2).  Duncan
v. Walker, 533 U.S. 167, 172 (2001).

In summary, the Court concludes that considering statutory
tolling, Petitioner's petition for writ of habeas corpus, filed
here on June 21, 2009 (Pet. 7), was filed outside of the one-year
limitations period and is therefore untimely.

1      VI.   <u>Equitable Tolling</u>

2          Petitioner alleged in a declaration in the petition that

3      after his conviction, he requested his counsel, Gary Smith, to

4      file a notice of appeal, but Smith failed to do so.  (Pet. 84.)

5      Petitioner declared that if his appeal had been filed, counsel

6      would have been appointed, the direct appeal would have gone

7      forward, and Petitioner would have had the benefit of a more

8      favorable standard of prejudicial error.  (<u>Id.</u>)

9          In the opposition to the motion, Petitioner asserted that he

10     was denied the effective assistance of counsel on appeal as well

11     as the right to appeal, and that he did what was necessary to

12     file a timely appeal and to attempt repeatedly to obtain his

13     trial counsel's trial files in order to permit the perfection of

14     an appeal or petition for writ of habeas corpus.  However, the

15     trial court denied his application for an order to obtain the

16     files on January 3, 2006.  (Opp. Doc. 16, 2-4, 25; Supp. Brief.

17     In Opp., doc. 28.)  The Court understands these assertions to

18     pertain to Petitioner's first appeal of right in the state court

19     system.  In his supplemental briefing, Petitioner resubmits his

20     documentation of the pertinent facts concerning the trial court's

21     denial of a certificate of probable cause and Petitioner's

22     motions to obtain transcripts and counsel's legal files in order

23     to perfect a habeas corpus petition.

24         The Court will consider these allegations as the basis of an

25     assertion of the doctrine of equitable tolling.

26         The one-year limitations period of § 2244 is subject to

27     equitable tolling where the petitioner has been diligent, and

28

1   extraordinary circumstances, such as the egregious misconduct of

2   counsel, have prevented the petitioner from filing a timely

3   petition.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  The

4   petitioner must show that the extraordinary circumstances were

5   the cause of his untimeliness and that the extraordinary

6   circumstances made it impossible to file a petition on time.

7   Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  The

8   diligence required for equitable tolling is reasonable diligence,

9   not "maximum feasible diligence."  Holland v. Florida, 130 S.Ct.

10  2565.

11      "[T]he threshold necessary to trigger equitable tolling

12  [under AEDPA] is very high, lest the exceptions swallow the

13  rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v.

14  Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

15      Here, Petitioner relies on his entitlement to counsel on a

16  first appeal of right.  However, Petitioner has not shown how the

17  absence of counsel and the denial of his certificate of probable

18  cause or appeal in December 2005 and January 2006 were

19  responsible for Petitioner's failure to file a timely federal

20  petition years later.  Petitioner was advised to seek a writ of

21  mandate directing the trial court to issue a certificate of

22  probable cause.  However, Petitioner has not explained what

23  caused his failure to do so, or how the preceding absence of

24  counsel contributed to his failure to seek relief.  Likewise,

25  Petitioner has not explained his delay in filing a petition for

26  writ of habeas corpus seeking a late appeal.  Similarly,

27  Petitioner has not demonstrated that any extraordinary

28

circumstance prevented him from filing any post-conviction petitions in the state courts at any point in time or from filing a timely federal petition.

Thus, even assuming that counsel's conduct in failing to file a notice of appeal was substandard conduct, Petitioner has not shown how that failure prevented the filing of a timely petition. The instant case is similar to Randle v. Crawford, 604 F.3d 1057 (9th 2010), in which counsel's failure to perfect a state appeal of right and incorrect advice on the time limit for filing a state post-conviction petition were found to have little to no bearing on the petitioner's failure to file timely a federal petition. Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010.) This case is also similar because there is no indication that counsel's failure to turn over timely a legal file had any specific effect on the ability of Petitioner to file a timely federal petition. Id.

Petitioner's pro se status is not an extraordinary circumstance. Chaffer v. Prosper, 592 U.S. 1046, 1049 (9th Cir. 2010).

With respect to Petitioner's lack of transcripts or his attorney's legal files, it is established that in some circumstances, lack of access to legal files can constitute an external impediment sufficiently extraordinary to support equitable tolling. Chaffer v. Prosper, 592 U.S. 1046, 1049 (9th Cir. 2010). However, it is necessary for a petitioner to demonstrate his own diligence and that the lack of access was the extraordinary circumstance that caused his petition to be filed

1    as late as it was.  Id.  This means that a petitioner must point

2    to specific instances in which he was unable to file a timely

3    federal petition because of the lack of access to a particular

4    document.  Id.  Petitioner makes no such showing.  Petitioner has

5    alleged numerous claims concerning the pre-plea, plea, and

6    sentencing proceedings of his case without difficulty, and he

7    does not point out a single instance of need for a particular

8    document.

9         Although Petitioner has demonstrated that during the period

10   for filing an appeal he diligently requested a counsel's files

11   and transcripts, he never specified any particular documents that

12   were needed.  He has not alleged that he continued to attempt to

13   obtain specific documents from counsel or that he needed

14   particular documents in order to file a federal petition.

15   Petitioner has attached some transcripts and records from his

16   trial court proceedings; thus, it appears that he has had access

17   to some papers.  Under the circumstances, Petitioner has not

18   shown that any absence of papers resulted in the inability to

19   file a timely federal petition.

20        Likewise, Petitioner has not established his diligence more

21   generally throughout the state court proceedings in attempting to

22   file a timely federal petition.  Petitioner has failed to set

23   forth affirmative allegations showing his diligent efforts to

24   file the necessary documents.  Cf., Chaffer v. Prosper, 592 F.3d

25   at 1049.

26        The Court notes that because Petitioner was not entitled to

27   counsel with respect to collateral, state post-conviction

28

proceedings, the absence of counsel during those proceedings cannot be the basis of an ineffective assistance claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991).

In summary, the Court concludes that Petitioner's lack of reasonable diligence as well as the absence of a causal connection between any external circumstances and Petitioner's untimely filing, warrant rejection of Petitioner's arguments concerning equitable tolling.

VII.   <u>State Impediment to Filing</u>

Petitioner argues that the denial of his right to appeal was the fault of the state. (Opp., doc. 16, 4.)  It is not clear whether Petitioner is attributing to the state any alleged error of the trial court or is arguing that because his counsel was appointed (doc. 16, 8), the state was at fault.

Title 28 U.S.C. § 2244(d)(1)(B) provides that the limitations period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B). Petitioner may be attempting to argue that his appointed counsel failed to perfect a direct appeal of his conviction and sentence, and that this failure prevented him from filing his federal habeas petition until Petitioner's last attempt to obtain a belated appeal was denied, or on November 10, 2009.  This argument has been rejected in circumstances analogous to Petitioner's.

In <u>Randle v. Crawford</u>, 604 F.3d 1047, 1058 (9th Cir. 2010),

1  the court found no impediment had been made out where the

2  petitioner had failed to show a causal connection between any

3  failure of counsel and the untimeliness of the federal filing.

4       The Court thus concludes that Petitioner has not shown that

5  he was entitled to tolling under 28 U.S.C. § 2244(d)(1)(B).

6       VIII.   Certificate of Appealability

7       Unless a circuit justice or judge issues a certificate of

8  appealability, an appeal may not be taken to the court of appeals

9  from the final order in a habeas proceeding in which the

10 detention complained of arises out of process issued by a state

11 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

12 U.S. 322, 336 (2003).  A certificate of appealability may issue

13 only if the applicant makes a substantial showing of the denial

14 of a constitutional right.  § 2253(c)(2).  Under this standard, a

15 petitioner must show that reasonable jurists could debate whether

16 the petition should have been resolved in a different manner or

17 that the issues presented were adequate to deserve encouragement

18 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

19 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

20 certificate should issue if the Petitioner shows that jurists of

21 reason would find it debatable whether the petition states a

22 valid claim of the denial of a constitutional right and that

23 jurists of reason would find it debatable whether the district

24 court was correct in any procedural ruling.  Slack v. McDaniel,

25 529 U.S. 473, 483-84 (2000).  In determining this issue, a court

26 conducts an overview of the claims in the habeas petition,

27 generally assesses their merits, and determines whether the

28

28

resolution was debatable among jurists of reason or wrong.  Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court DECLINES to issue a certificate of appealability.

IX.  Disposition

In summary, the Court concludes that the petition was untimely.  The uncontested facts demonstrate Petitioner's lack of diligence and the absence of any causal connection between counsel's alleged failings and Petitioner's untimely filing of the petition.  The facts are inconsistent with statutory or equitable relief.  Further, no facts suggest any state impediment to timely filing a petition here.

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss the petition as untimely is GRANTED; and

2) The petition is DISMISSED; and

3) The Clerk is DIRECTED to enter judgment in favor of Respondent; and

1      4) The Court DECLINES to issue a certificate of

2  appealability.

3

4  IT IS SO ORDERED.

5  **Dated:   October 19, 2010**              **/s/ Sheila K. Oberto**
6  UNITED STATES MAGISTRATE JUDGE